UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

                                         **DECISION AND ORDER**
                                         12-MJ-2121

        v.

DUNCAN BADDING,

                              Defendant.

---

       This pre-indictment case began on August 10, 2012, when the Court signed a criminal complaint and found probable cause that defendant produced and possessed destructive devices in violation of 26 U.S.C. §§ 5822, 5861(f), and 5871. The Government arrested defendant on August 15, 2012, and the Hon. H. Kenneth Schroeder, Jr. held an initial appearance in this Court's absence. After several detention-related proceedings that took time because of the Court's concern about defendant's competency, the Court ordered defendant released on conditions on September 4, 2012. Since the Court had excluded speedy-indictment time through September 4, it started the statutory 30-day clock that day. *See* 18 U.S.C. § 3161(b). Accordingly, the Court also ordered the complaint dismissed as of October 4, 2012, if neither a pleading nor an indictment occurred on or before that date. (*See* Dkt. No. 2.)

On October 1, 2012, defense counsel filed a motion asking that the Court "extend the Rule 48(b) date by 90 days." (Dkt. No. 8 at 1.) In the motion, defense counsel stated that "[a]t the conclusion of the detention hearing on this matter on September 4, 2012, a Rule 48(b) date of October 4, 2012 was set." (*Id.* at 2.) Defense counsel then stated that he has had discussions with the Government about a possible plea resolution and that "we need more time to continue these discussions." (*Id.* at 3.) Defense counsel then proceeded to state that "[i]f our client is indicted on this felony charge, the sentencing penalties become much more serious than they would be if there was a misdemeanor resolution. Therefore, we believe it is my client's best interest to waive an additional 90 days of Rule 48(b) time, to allow further plea discussions." (*Id.*) Defense counsel concluded the motion by adding that "time should be excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(8)(A) in the interest of justice." (*Id.*)

After reviewing the pending motion, the Court has taken the time to write a separate Decision and Order to express its frustration with the numerous errors and problems in the motion papers. The Court did not set a "Rule 48(b) date" at any time during this case, has no idea what a "Rule 48(b) date" is, and warned defense counsel prior to the filing of the motion that the Speedy Trial Act contains

no "Rule 48(b) date" provision that extends the time for filing an indictment.[1]  The provision of the Speedy Trial Act that defense counsel has cited was renumbered four years ago,[2] and 18 U.S.C. § 3161(h)(7) does not authorize a further delay of indictment under the circumstances of this case.  Defense counsel seeks more time to present evidence to the Government, to continue indefinite "plea discussions," and to avoid what defendant would consider negative consequences of an indictment.  These generic factors appear in every criminal case and do not help the Court make any particular findings in favor of excluding time.  See Bloate v. U.S., ___ U.S. ___, 130 S. Ct. 1345, 1357 (2010) ("In considering any request for delay, whether the exclusion of time will be automatic or not, trial judges always have to devote time to assessing whether the reasons for the delay are justified, given both the statutory and constitutional requirement of speedy trials.  Placing these reasons in the record does not add an appreciable burden on these judges."); U.S. v. Washington, 48 F.3d 73, 77 (2d Cir. 1995) (requiring that speedy-indictment extensions be "reasonably related to the needs of the case") (citation omitted).  This reasoning also ignores the public's interest

---

[1] In fairness to defense counsel, this Court is aware that other judges in this District use Rule 48(b) of the Federal Rules of Criminal Procedure as a way to extend the time for filing indictments by months, if not years.  The Court will not comment on the practice of other judges except to say that defense counsel was warned explicitly, prior to the filing of the motion, that this Court does not follow that practice.

[2] Judicial Administration and Technical Amendments Act of 2008, Pub. L. 110-406, 122 Stat. 4291, § 13.

in a speedy indictment and trial. "If the Act were designed solely to protect a defendant's right to a speedy trial, it would make sense to allow a defendant to waive the application of the Act. But the Act was designed with the public interest firmly in mind. That public interest cannot be served, the Act recognizes, if defendants may opt out of the Act entirely." *Zedner v. U.S.*, 547 U.S. 489, 500–01 (2006) (citation omitted). Finally, the entire motion presumes that felony indictment and misdemeanor plea are defendant's only options. Counting prior exclusions of time to address the competency issue, the Government and defendant have had over a month to consider the possibility of proceeding by misdemeanor information. In any event, the Court has no interest in manipulating the Speedy Trial Act for reasons that relate to the internal policy decisions of the United States Attorney's Office.

  For the reasons above, the Court would deny the pending motion outright, except that the filing of the motion raises one additional issue. Under the Speedy Trial Act, time stops automatically during the pendency of any pre-indictment or pretrial motion. *See* 18 U.S.C. § 3161 (h)(1)(D) ("The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed . . . : delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion . . . ."); *U.S. v. Tinklenberg*, ___ U.S. ___, 131 S. Ct. 2007, 2013 (2011) ("[W]hen read in context and in light of the statute's structure

and purpose, we think it clear that Congress intended subparagraph (D) to apply automatically."). Defense counsel filed this motion on October 1, 2012. Between then and the entry of this Decision and Order, three excludable days passed. Since the Court's dismissal date of October 4, 2012 assumed that no further exclusions of time would occur, that date now must move forward to account for the three days when the motion was pending and disposed, plus the three days remaining on the speedy-indictment clock, plus the upcoming holiday weekend. Accordingly, the Court will dismiss the complaint on October 9, 2012—pursuant to the Speedy Trial Act—absent an indictment, information, or pretrial resolution that occurs on or before that date. The Court cautions the parties about exploiting automatic exclusions under the Speedy Trial Act. *See* 18 U.S.C. § 3162(b) ("In any case in which counsel for the defendant or the attorney for the Government . . . files a motion solely for the purpose of delay which he knows is totally frivolous and without merit . . . the court may punish any such counsel or attorney . . . ."); *U.S. v. Martos*, No. 91–8106–CR–PAINE, 1992 WL 24060, at *3 (S.D. Fla. Jan. 24,1992) ("Congress chose to limit the sanction for 'sham' motions to attorney discipline, likely confident that courts would quickly recognize and deny such motions with little impact upon a defendant's speedy trial rights.") (citation omitted).

## CONCLUSION

For all of the foregoing reasons, the Court grants defendant's motion (Dkt. No. 8) in part only to reflect that the 30-day speedy-indictment clock now expires on October 9, 2012. The Court denies the motion in all other respects.

SO ORDERED.

/s Hugh B. Scott
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: October 3, 2012